In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 24-3262

VAIRRUN STRICKLAND,

*Plaintiff-Appellant,*

*v.*

CITY OF MARKHAM and
ANTHONY MAZZIOTTA,

*Defendants-Appellees.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:22-cv-01419 — **John J. Tharp, Jr.**, *Judge*.

_____

ARGUED NOVEMBER 18, 2025 — DECIDED JUNE 8, 2026

_____

Before HAMILTON, ST. EVE, and KIRSCH, *Circuit Judges*.

PER CURIAM. This appeal presents a new variation on a recurring scenario that requires federal courts in Illinois to split some fine hairs in the law of claim preclusion. A public employee believed his employer had taken action against him for unlawful reasons. He sought relief under both state and federal law, including the federal Constitution, and in both administrative proceedings and lawsuits. As we explain

below, principles of claim preclusion block most of plaintiff's claims but not those under Title VII of the Civil Rights Act of 1964.

Plaintiff Vairrun Strickland, an African American man, was fired from his job as a firefighter for the City of Markham, Illinois. Strickland first sued in state court challenging the administrative decision that led to his firing. He then filed this federal lawsuit against the City of Markham and the Fire Chief Anthony Mazziotta. This suit asserts civil rights claims under Title VII of the Civil Rights Act of 1964, the Fourteenth Amendment to the United States Constitution, and the Illinois State Officials and Employees Ethics Act. Strickland then voluntarily dismissed his lawsuit in state court. The federal district court then concluded that this entire federal suit is foreclosed by principles of claim preclusion based on the adverse administrative ruling under Illinois law. The district court granted summary judgment for the defendants on all claims.

We affirm in part and vacate and remand in part. Federal law treats a state court's judgment and a decision in an administrative proceeding differently for purposes of claim preclusion. Because the district court overlooked this threshold issue of federal law, it erred in entering summary judgment on Strickland's Title VII claims. But this distinction does not alter the outcome on Strickland's other claims, and the district court otherwise correctly applied the Illinois law of claim preclusion.

I.   *Factual and Procedural Background*

Strickland worked as a firefighter for the City of Markham Fire Department for over a decade. In 2020, the Equal

Employment Opportunity Commission interviewed Strickland during an investigation into discrimination claims brought by a former firefighter. In the interview, Strickland described race-based discrimination he had witnessed against the former firefighter and how Chief Mazziotta had failed to address it. Strickland alleged that after the interview, Chief Mazziotta and the Department retaliated against him by singling him out for minor disciplinary issues and denying him a promotion.

In January 2021, the Department brought administrative charges against Strickland. After hearings on the charges, the Board of Fire and Police Commissioners terminated his employment in April 2021, finding that Strickland had lied to detectives during an arson investigation and had put Department employees at risk by coming to work while infected with COVID-19.

The next month, Strickland filed a lawsuit in state court challenging the Board's decision. The court remanded while retaining jurisdiction over the case and instructed the Board to enter an amended decision with additional information. The Board did so and again discharged Strickland. After the Board issued its amended decision in April 2022, Strickland voluntarily dismissed his state-court lawsuit. He did not otherwise seek direct review of the amended decision in state court.

In the meantime, in March 2022, Strickland had already filed this suit in federal court. Strickland alleged that the City of Markham and Chief Mazziotta discriminated against him based on race and retaliated against him in violation of Title VII, see 42 U.S.C. §§ 2000e–2 & 2000e–3, and Illinois state law, see 5 ILCS 430/1, and denied him equal protection of the law

in violation of the Fourteenth Amendment, seeking relief under 42 U.S.C. § 1983.

After Strickland voluntarily dismissed his suit in state court, the City of Markham and Chief Mazziotta moved to dismiss the federal complaint. The defendants argued that Strickland's claims were precluded by the outcomes of the Board hearing and state-court suit. Under Rule 12(d), the district court converted the defendants' motions to dismiss into motions for summary judgment, which was sensible because the motions involved an affirmative defense and evidence beyond the pleadings.

Applying 28 U.S.C. § 1738, the district court concluded that Illinois claim preclusion principles barred Strickland's federal action. First, it determined that under Illinois law, the Board's decision was a final judgment on the merits because the proceeding was judicial in nature and was not timely challenged. Next, the court explained that although Strickland's state and federal suits asserted different theories of relief, both actions shared an identity of the causes of action because they arose from the same operative facts: Strickland's termination. There also was no dispute over an identity of parties.

Finally, the court concluded that Strickland had a "full and fair opportunity" to litigate his claims, as required by Illinois law and general due process principles. Applying *Welch v. Johnson*, 907 F.2d 714 (7th Cir. 1990), the district court determined that Strickland could have raised the thrust of his civil rights claims as defenses in the Board proceeding. The court also explained that Strickland could have joined those claims with his state suit challenging the Board's decision if he had not instead voluntarily dismissed the suit.

II. *Analysis*

On appeal, Strickland argues that the district court's claim-preclusion analysis erred because it treated the Board's decision and the state-court lawsuit as equivalents. In Illinois, the defense of claim preclusion has three primary elements: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties. *Village of Bartonville v. Lopez*, 77 N.E.3d 639, 650 (Ill. 2017). Under general principles of due process and equity, litigants are also entitled to a full and fair opportunity to litigate their claims before preclusion applies. *Welch,* 907 F.2d at 723; *Nowak v. St. Rita High Sch.*, 757 N.E.2d 471, 478 (Ill. 2001). Strickland argues that the court improperly rested the first element on the Board's decision and resolved the other questions based on the state suit. He maintains that administrative proceedings and state-court judgments should be evaluated differently for purposes of claim preclusion.

Strickland is partially correct that the administrative proceedings and state litigation cannot be treated as equivalents. The Supreme Court's decisions on the federal law of preclusion distinguish between state-court judgments and administrative decisions, particularly as applied to Title VII claims.

Under 28 U.S.C. § 1738, federal courts must give full faith and credit to the "judicial proceedings of any court" of a state. This means federal courts apply the same preclusive effect to a state court's judgment as the state's own courts would. *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 (7th Cir. 2014) (citations omitted). In *University of Tennessee v. Elliott*, 478 U.S. 788, 794 (1986), the Supreme Court recognized that § 1738 extends by its terms to only a state court's judgment—

not to "unreviewed" state administrative proceedings. Those administrative proceedings receive preclusive effect at most through federal common-law rules of preclusion. *Id.* ("… Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims."). The Court concluded that under federal common law, administrative proceedings alone cannot preclude Title VII claims. *Id.* at 796; see also *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 110 (1991) (applying same reasoning to Age Discrimination in Employment Act).

On the other hand, the Court held in *Elliott*, federal common law permits unreviewed state administrative proceedings to preclude claims under 42 U.S.C. § 1983 and similar civil rights statutes if the state agency was "acting in a judicial capacity." *Elliott*, 478 U.S. at 799, quoting *United States v. Utah Const. & Min. Co.*, 384 U.S. 394, 422 (1966). So at least for Title VII claims, state administrative decisions have no preclusive effect until the decision has been reviewed in state court and culminated in a judgment that is then treated like any other judgment. See *Welch*, 907 F.2d at 719. The district court therefore erred by concluding that the Board's decision, standing alone "regardless of the subsequent dismissal," could preclude Strickland's Title VII claim.

As for Strickland's voluntary dismissal of his state court suit, the district court correctly rejected the defendants' arguments that this dismissal itself had any preclusive effect. A voluntary dismissal in state court may, in principle, amount to a state court's judgment for purposes of § 1738. But § 1738 still requires federal courts to afford that judgment only the same preclusive effect it would receive in the state's courts. See *Brye v. Brakebush*, 32 F.3d 1179, 1183–84 (7th Cir. 1994)

(concluding voluntary dismissal was judgment of a court under § 1738 and *Elliott* but not preclusive under Wisconsin law).

Under Illinois law, voluntary dismissals should not be treated as final judgments on the merits where there are no claim-splitting concerns, see *Richter v. Prairie Farms Dairy, Inc.*, 53 N.E.3d 1, 14 (Ill. 2016), and the district court expressly saw no such concerns here. Consistent with this principle, this court has understood that a challenge to an administrative proceeding voluntarily dismissed without prejudice in Illinois court makes that proceeding effectively "unreviewed" for purposes of *Elliott*. See *Duggan v. Board of Educ. of E. Chi. Heights, Dist. No. 169*, 818 F.2d 1291, 1292, 1297 (7th Cir. 1987). Thus, (1) an unreviewed administrative proceeding has no preclusive effect under § 1738, regardless of what state law might say, and (2) Illinois state law does not give preclusive effect to this voluntary dismissal. The district court thus erred in dismissing Strickland's Title VII claims on claim preclusion grounds.

Although federal common law principles do not preclude Strickland's Title VII claims, they do give the findings of an agency acting in a judicial capacity the same preclusive effect they would receive in the state courts with respect to Strickland's § 1983 and state-law claims. See *Elliott*, 478 U.S. at 799. As the district court recognized, Illinois law provides that claim preclusion *can* apply to administrative decisions where the proceeding is adjudicatory or quasi-judicial in nature, and where the losing party fails to seek timely judicial review of the decision. See *Village of Bartonville*, 77 N.E.3d at 655.

Strickland's remaining arguments challenging the district court's application of Illinois law are without merit. He maintains that the state and federal proceedings did not share an identity of cause of action because he sought administrative review of the Board's decision in state court and brought discrimination, retaliation, and equal protection claims in federal court.

The district court correctly determined that, under Illinois law, Strickland's state administrative proceeding and federal suits shared an identity of cause of action because both arose from the facts surrounding Strickland's termination. In evaluating this element, Illinois courts use a "transactional test" which is satisfied when two proceedings "arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 893 (Ill. 1998); see also *Walczak*, 739 F.3d at 1016–17 (citations omitted). It therefore does not matter that Strickland raised different legal theories in court. See *Sapp v. Foxx*, 106 F.4th 660, 666–67 (7th Cir. 2024).

To determine whether two cases encompass the same cause of action, courts "pragmatically" consider similarities in timing, scope, origin, or motivation of the actions. *River Park, Inc.*, 703 N.E.2d at 893, quoting Restatement (Second) of Judgments § 24, at 196 (Am. Law Inst. 1982). Strickland argued before the Board that he should not have been fired and Chief Mazziotta was "out to get him." And his federal complaint alleges that he was wrongly fired based on Chief Mazziotta's discrimination and in retaliation for his protected actions. The termination of Strickland's employment is the "underlying transaction" disputed in both proceedings. *Hayes v. City of Chicago*, 670 F.3d 810, 814 (7th Cir. 2012).

Finally, Strickland argues that he did not have a "full and fair opportunity to litigate" his civil rights claims in the earlier proceedings because he could not have brought those claims before the Board itself. He notes that the Board is not a judicial forum and has no jurisdiction over civil rights claims. He objects to the district court's reliance on *Welch v. Johnson*, 907 F.2d 714, to conclude otherwise and attempts to distinguish it factually and procedurally.

The district court did not err when it concluded that Strickland had a full and fair opportunity to litigate. Strickland could have raised, but did not, the thrust of his discrimination and retaliation claims as defenses in the Board hearing. It is true that the Board did not have jurisdiction to adjudicate the precise claims Strickland brought in his federal action. But the same was true of the Civil Service Commission in *Welch*, which was not empowered to adjudicate the plaintiff's civil rights claims. See 907 F.2d at 725. Consistent with *Welch*, this court has recognized that a plaintiff's failure to raise a defense in an administrative hearing (that later became a final judgment) precludes that plaintiff from raising that claim offensively in a federal suit. See *Abner v. Illinois Dep't of Transp.*, 674 F.3d 716, 719 (7th Cir. 2012); *Hayes*, 670 F.3d at 814–15 (collecting cases).

Regardless of what state law might have said about its authority, the Board was not permitted to sustain a firing that violated federal law. See *White v. Elrod*, 816 F.2d 1172, 1175 (7th Cir. 1987). At minimum, Strickland could have joined the civil rights claims with a request for judicial review of the administrative decision in a single suit. See *Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001). Because he instead allowed the administrative decision to ripen into a final

judgment on the merits by not challenging it in state court, his § 1983 and state law claims are barred by Illinois claim preclusion principles incorporated by federal common-law claim preclusion, even if not by § 1738.

For these reasons, we VACATE the judgment with respect to Strickland's Title VII claim, AFFIRM the balance of the judgment, and REMAND for further proceedings.